FIRST NATIONAL BANK OF LEON v. WARRINGTON ET AL.

**Pleading**: ESTOPPEL. A note stipulated for the payment of a reasonable attorney's fee in case suit should be brought, the petition alleging $30 to be a reasonable fee, and the execution of the note was admitted: there was no denial of the allegations respecting the claim for attorney's fee, and defendant's attorneys claimed and were awarded the opening and close of the argument on the ground that the pleadings admitted such claim: *Held*, that defendant was estopped to object to allowance of the claim thereafter.

*Appeal from Decatur District Court.*

FRIDAY, JUNE 11.

ACTION on promissory note, for balance due. Verdict and judgment for plaintiff. Defendants appeal. The facts are stated in the opinion.

*Morrison & Robb* and *Warner & Bullock*, for appellants.

*John W. Harvey & Brother*, for appellee.

MILLER, CH. J.—The note sued on was made by the defendants May 20, 1873, for seven hundred and fifty dollars, payable to the plaintiff's order ten days after date, with ten per cent interest after maturity, together with a reasonable attorney's fee, if suit should be brought to collect the same. The petition showed a partial payment of the note, and claimed the balance due and the attorney's fee, alleging it to be reasonably worth thirty dollars, and costs.

The answer admitted the execution of the note, and set up payment and a plea of usury.

The jury returned a general verdict for the plaintiff for the balance appearing to be due on the note, and found specially as follows: " Was there usury proven in this case?"

Answer—" There was."

Whereupon the plaintiff moved to be allowed to remit $5.42 as usurious interest, which the court allowed and rendered judgment on the verdict, after deducting the sum remitted, together with $30,00, as attorney's fee. The court also rendered judgment for defendant for costs, and for the school fund for ten per cent on the amount of the loan.

I. The first error assigned is, that the verdict is not sustained by the evidence, and the principal portion of appellants' argument is devoted to a discussion of it. An examination of the abstract satisfies us that the facts of the case, as developed in the evidence, were fairly submitted to the jury under the instructions of the court, and that the verdict is in harmony with both.

II. It is insisted that the court erred in allowing the plaintiff to recover the attorney's fee of thirty dollars. The PLEADING: allegation of the petition stating the claim for an estoppel. attorney's fee, was not denied. Defendant's counsel, on the trial, claimed the opening and closing of the argument of the case, because, as they then stated, this claim was admitted by the pleading, and the court thereupon gave them the opening and closing of the argument, they assenting that the jury should be, as they were afterwards, instructed to allow this amount as an attorney's fee, in case they found for the plaintiff. We think this claim was so strongly admitted by

appellants' attorneys that they, are not in a position to object thereto.

We find no error in the record that will justify us in disturbing the judgment.

AFFIRMED.